UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAVARIO C. RAY,

    Plaintiff,

v.                                          Case No. 3:22-cv-887-MMH-LLL

ROBERT COOK, et al.,

    Defendants.

## ORDER

Plaintiff Lavario C. Ray, an inmate of the Florida penal system, initiated this action on August 8, 2022, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1). Ray names as Defendants (1) Jacksonville Sheriff's Office Detective Robert Cook; (2) Assistant State Attorney (ASA) Richard Mantie; (3) Judge Whitten;[1] (4) the City of Jacksonville (City); and (5) the State Attorney's Office of the Fourth Judicial Circuit (SAO). He sues Detective Cook and ASA Mantie in their individual capacities and Judge Whitten, the City, and the SAO in their official capacities. Complaint at 7.

In his Complaint, Ray alleges Defendants violated his Fourth and Fourteenth Amendment rights. Id. at 3. He maintains Detective Cook and ASA

---

[1] Ray presumably refers to Judge Steven Whittington. See State of Florida v. Ray, No. 16-2005-CF-004840-BXXX-MA (Fla. 4th Cir. Ct.).

Mantie conspired to conduct an unauthorized wiretap investigation on him between September 2004 and December 2004, and Detective Cook made false representations to the state court in an application for a wiretap order on December 20, 2004. Id. at 9. Next, Ray asserts the Jacksonville Sheriff's Office and SAO's policy allowed Detective Cook and ASA Mantie to conduct the illegal investigation. Id. at 10. He further alleges that on August 21, 2018, Judge Whitten "deliberately refuse[d] to perform his ministerial duty imposed by Florida statutory law" when he denied Ray's motion to take judicial notice and failed to conduct an evidentiary hearing. Id. As relief, Ray asks the Court "to issue a decla[ra]tory injunction compelling the state court to conduct a (Franks)[2] evidentiary hearing." Id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable

---

[2] Franks v. Delaware, 438 U.S. 154, 155-56 (1978) (holding that when a defendant makes a substantial preliminary showing that an affiant made a false statement knowingly and intentionally or with reckless disregard for the truth in a warrant affidavit, and if the false statement was necessary to the finding of probable cause, the Fourth Amendment requires a court to hold a hearing at the defendant's request).

2

merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the

4

. . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional

5

deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

Here, Ray fails to state a claim upon which relief can be granted. He asks the Court to "issue what amounts to a writ of mandamus" that orders the state court to conduct a particular type of hearing. Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (per curiam).[4] However, "[f]ederal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought." Id.; see also Lamar v. 118th Judicial Dist. Court of Tex., 440 F.2d 383, 384 (5th Cir. 1971) ("[F]ederal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties."); Lawrence v. Miami-Dade Cnty. State Att'y Office, 272 F. App'x 781, 781 (11th Cir. 2008) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."). The Court does not have jurisdiction to grant the

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

only relief requested because the named Defendants are not officers or employees of the United States.[5] In light of the foregoing, this case is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.   The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of September, 2022.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/31
C:   Lavario C. Ray #J14207

---

[5] The Court takes judicial notice that Ray has a pending federal petition for writ of habeas corpus that challenges his convictions and sentences. See Case No. 3:16-cv-1112-TJC-JBT.